# 14-299

## United States Court of Appeals for the Second Circuit



DORIAN CHEEKS,

*Plaintiff-Appellant,*

v.

FREEPORT PANCAKE HOUSE, INC.,
W.P.S. INDUSTRIES, INC.,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK (Central Islip)

## BRIEF FOR PLAINTIFF-APPELLANT

ABDUL HASSAN LAW GROUP, PLLC
*Attorney for Plaintiff-Appellant*
215-28 Hillside Avenue
Queens Village, New York 11427
(718) 740-1000
*abdul@abdulhassan.com*

# **TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ............................................................... ii

I. JURISDICTIONAL STATEMENT ......................................................1

II. ISSUES PRESENTED FOR REVIEW .................................................2

III. STATEMENT OF CASE AND RELEVANT FACTS .......................................2

IV. SUMMARY OF ARGUMENT ..........................................................4

V. ARGUMENT .....................................................................5

   1.  THE DISTRICT COURT'S ORDER VIOLATES FRCP 41 AND THIS
      COURT'S DECISION IN HESTER INDUSTRIES V. TYSON FOODS .....5

   2.  THE DISTRICT COURT'S ORDER CONTRADICTS THE POSITION
      AND PRACTICE OF THE MAJORITY OF DISTRICT JUDGES ............10

   3.  REQUIRING COURT APPROVAL IS ALSO BAD POLICY AND
      CREATES IMMENSE UNDUE HARDSHIP FOR EMPLOYEES,
      EMPLOYERS AND THE COURTS ..........................................12

VI. CONCLUSION ..................................................................15

# TABLE OF AUTHORITIES

## CASES

*Brooklyn Savings Bank v. O'Neil,*
  324 U.S. 697 (1945) ........................................................................6, 7

*Cohen v. Beneficial Indus. Loan Corp.,*
  337 U.S. 541 (1949) ...........................................................................1

*D.A. Schulte, Inc. v. Gangi,*
  328 U.S. 108, 66 (1946) ...................................................................6, 7

*Dees v. Hydradry, Inc.,*
  706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010) ......................................13

*General Reinsurance Corp. v. Ciba-Geigy Corp.*
  853 F.2d 78, 80 -81 (2d Cir., 1988) ......................................................1

*Hester Industries, Inc. v. Tyson Foods, Inc.,*
  160 F.3d 911, 916 -917 (2d Cir. 1998) ...........................1, 5, 8, 9, 10, 11

*In re Repetitive Stress Injury Litigation,*
  35 F.3d 637 (2d Cir. 1994) ...................................................................2

*Kelly v. Jimmy Jazz, Inc. et al,*
  EDNY Case #: 13-cv-01526 (RRM) (CLP) .........................................11

*Lima v. Hatsuhana of USA, Inc.,*
  2014 WL 177412, 2 (S.D.N.Y.,2014) ..................................................10

*Lynn Food Stores, Inc. v. U.S. Dept of Labor,*
  679 F.2d 1350, 1354 (11th Cir. 1982) .............................................7, 8, 9

*Martin v. Spring Break '83 Productions, L.L.C.*
  688 F.3d 247 (5th Cir., July 24, 2012) .............................................8, 9

*Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,*
  460 U.S. 1, 13 (1983) ..........................................................................1

*Palazzolo v. Eugene Pezzollo DMD*,
   2014 WL 112396, 1 (E.D.N.Y., 2014) ...................................................................4

*Picerni v. Bilingual Seit & Preschool Inc.*,
   925 F.Supp.2d 368 (E.D.N.Y. 2013) .................................................6, 10, 14, 15

*Rinieri v. News Syndicate Co.*,
   385 F .2d 818, 821 -822 (2d Cir., 1967) .............................................................1

*Wolinsky v. Scholastic, Inc.*,
   900 F.Supp.2d 332 (S.D.N.Y., July 05, 2012)...................................................11

## STATUTES AND RULES

28 U.S.C. §§ 1291 and 1292 ...................................................................................1

28 U.S.C. §§ 1331 and 1337 ...................................................................................1

29 U.S.C. § 201, et seq. ("FLSA")................................................................passim

29 U.S.C. § 216(b) ..................................................................................................1

FRCP 41(a)(1)(ii)...........................................................................................passim

FRCP 66 ...................................................................................................................6

New York Labor Law ("NYLL") ............................................................................3

# I. JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction over plaintiff's claims under 29 U.S.C. § 216 (b) and 28 U.S.C. §§ 1331 and 1337. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. §1292.   Plaintiff timely filed his Notice of Appeal on January 29, 2014, from the Order to Show Cause entered in the United States District Court, Eastern District of New York, on January 24, 2014.

The Court of Appeals has jurisdiction under 28 U.S.C. §1291 because there was finality below when the lower court stayed the action pending the outcome of this appeal of the January 24, 2014 Order.  See *General Reinsurance Corp. v. Ciba-Geigy Corp.* 853 F.2d 78, 80 -81 (2d Cir., 1988). A stay of the action is the equivalent of a dismissal of the action for purposes of appeal, especially where as here, the purpose of the stay is to surrender jurisdiction to the Court of Appeals to rule on the order that was stayed. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 13 (1983). When the district court granted a stay there was nothing left to do in the lower court until this appeal was resolved.

Appellate jurisdiction also exists under *Rinieri v. News Syndicate Co.*, 385 F .2d 818, 821 -822 (2d Cir., 1967) in which this Court found that the district judge "lacked jurisdiction to act and this order is appealable." See also Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).  Under *Hester*, the district

court's January 24, 2014 order was made in the absence of jurisdiction because it was issued after the stipulation of dismissal was filed. As such, said order is appealable.

Significantly, this Court has jurisdiction pursuant to 1292(b) because the district court certified its order for appeal. A motion for this Court to accept the district court's certification of its order for appeal was filed on March 11, 2014 and is pending before this Court as of the date of filing of this brief.

Given that the issue presented involves whether the lower court was acting without jurisdiction, this Court also has the option of treating the appeal as a petition for a writ of mandamus and give the district court a chance to respond in this Court. See *In re Repetitive Stress Injury Litigation*, 35 F.3d 637 (2d Cir. 1994).

## II. ISSUES PRESENTED FOR REVIEW

Issue: Whether the district court erred in ruling that parties cannot dismiss a Fair Labor Standards Act ("FLSA") case by stipulation filed pursuant to Fed. R. Civ. P. 41(a)(1)(ii), without court approval?

Standard of Review ("SOR"): De novo.

## III. STATEMENT OF CASE AND RELEVANTS FACTS

The relevant facts are procedural in nature. As such, the relevant facts and statement of the case are combined.

Plaintiff-Appellant Dorian Cheeks commenced the instant action on August 22, 2012 to recover overtime wages and damages for wrongful termination under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (A5 – A15). Defendant filed an answer to the complaint on October 22, 2012, in essence, denying all the material allegations in the complaint. (A16 – A25). Following the December 19, 2012 initial conference, and a period of discovery, the parties reached a settlement of all claims in the case. After the settlement agreement was negotiated and signed, the parties filed a stipulation of dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(ii), on December 27, 2013. On January 24, 2014, the Hon. Judge Seybert issued an order preventing the parties from discontinuing the case pursuant to Fed.R.Civ.P. 41(a)(1)(ii), unless the parties submit the settlement agreement to the district court along with sufficient information to determine whether the settlement should be approved. (A34 – A36). The district court ruled that if the parties did not submit to its approval process, the parties will be forced to litigate the case and go to trial against their wishes and at considerable additional expense, delays and other costs to the parties. Because Judge Seybert does not approve settlement agreements which contain a confidentiality provision and because the settlement agreement in this case contains a confidentiality provision, it is almost certain that Judge Seybert would reject the settlement agreement and force the parties to continue the case against their wishes. In

3

*Palazzolo v. Eugene Pezzollo DMD*, 2014 WL 112396, 1 (E.D.N.Y., 2014), for

example, Judge Seybert stated in relevant part as follows:

> Unfortunately, this case and a settlement agreement have been
> pending on the Court's docket for quite some time without resolution.
> Although the Court apologizes for the delay, it cannot approve the
> Settlement Agreement and close the case at this time.
>
> The parties have submitted a Settlement Agreement requiring judicial
> approval in this Fair Labor Standards Act ("FLSA") action. (See
> Docket Entry 15.) However, although the parties have filed the
> agreement on the public docket, it contains a confidentiality provision.

Plaintiff filed a notice of appeal on January 29, 2014 to preserve his right to

appeal. (A37 – A38). On February 13, 2014, plaintiff filed a motion to stay the

action and for the district court to certify its January 24, 2014 order for appeal to

the Second Circuit. (A26 – A32). By order entered February 20, 2014, the district

court granted the motion for a stay and to certify. (A26 – A33). On March 2, 2014,

plaintiff filed a motion asking the Court of Appeals to accept the certification of

the district court. On March 5, 2014, this Court entered a briefing schedule. This

brief constitutes the perfection of the appeal.

## IV. SUMMARY OF ARGUMENT

In summary, contrary to the district court's order, the FLSA did not prevent

the parties from discontinuing the action by filing a stipulation of dismissal under

Fed.R.Civ.P. 41(a)(1)(ii), without court approval. There is nothing in FRCP 41 or

the FLSA which states that the FLSA is an exception to FRCP 41. Moreover, this

Court in *Hester Industries, Inc. v. Tyson Foods, Inc.*, 160 F.3d 911, 916 -917 (2d Cir. 1998), made it clear that district courts have no authority to place conditions on stipulated dismissals under Fed.R.Civ.P. 41(a)(1)(ii). There is also no decision from any court of appeals or the Supreme Court holding that the FLSA is an exception to FRCP 41.

While the text of FRCP 41 and its interpretation by this Court in *Hester* compelling supports plaintiff's position, the lower court should also be reversed because requiring court approval inflicts serious harms on the very employees such approval is purportedly intended to protect, by subjecting them to significant costs, delays and uncertainties – costs which is many cases, can exceed the amount of the settlement itself. Approval hearings also impose tremendous costs on employers as well as an already overburdened judiciary.

## V. ARGUMENT

### 1. THE DISTRICT COURT'S ORDER VIOLATES FRCP 41 AND THIS COURT'S DECISION IN *HESTER INDUSTRIES V. TYSON FOODS*

The FRCP 41(a)(1) states in relevant part that:

(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(ii) a stipulation of dismissal signed by all parties who have appeared.

FRCP 41(a)(1)(A) identifies FRCP 66 as an exception to FRCP 41 and FRCP 66 specifically states that, "An action in which a receiver has been appointed may be dismissed only by court order." On the contrary, the FLSA contains no such language, requirement, or limitation on the ability of parties to dismiss an FLSA case by stipulation under FRCP 41. Not surprisingly, therefore, there has never been any ruling from any of the federal courts of appeals or the Supreme Court, that the FLSA is an exception to FRCP 41.

Over sixty years ago, the U.S. Supreme Court did address the settlement of FLSA claims in *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), and *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 (1946). However, the Supreme Court has never held in *Brooklyn Savings* or *D.A. Schulte* or in any other case that the FLSA prohibits settlement of FLSA claims without court approval – those cases did not even involve settlement of cases filed in Court. Instead, the Supreme Court held that the parties are free to settle FLSA claims but the settlement may not be a valid "defense to an action subsequently brought solely to recover liquidated damages," or wages not paid in full in the settlement. *Brooklyn Savings*, 324 U.S. at 701. Because the risks of a subsequent suit are very low and the costs of court approval are very high in terms of fees, delays and other factors, employers and employees generally prefer to dismiss the case under FRCP Rule 41 without seeking court approval. See *Picerni*, 925 F.Supp.2d at 372 ("Except in the less frequent context

of a settled class action under the state supplemental claims or a collective action with a substantial number of opt-in plaintiffs, I have never had an employer ask me to conduct a fairness hearing so that it has the protection of a court-approved release."). The parties also do not seek approval of settlement because the Supreme Court decisions in *Brooklyn Savings* and *D.A. Schulte* did not involve and do not apply to settlements of FLSA cases filed in Court where the parties are represented by counsel. As the Supreme Court pointed out in *D.A. Schulte*, 328 U.S. at 107, the reason for disapproving of the FLSA settlement in that case and in *Brooklyn Savings Bank*, was the "inequality of bargaining power" between employer and employee. However, inequality of bargaining power is not really an issue in suits filed in court because, "the employees are likely to be represented by an attorney who can protect their rights under the statute." *Lynn Food Stores, Inc. v. U.S. Dept of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982). Whether or not parties seek approval of an FLSA settlement before filing a stipulation of dismissal, they are still bound by rules prohibiting prospective waiver of FLSA wages and rights, and rules prohibiting certain confidentiality and other provisions. It is well settled that parties to a contract, including a settlement contract, cannot agree to provisions which violate law or public policy. However, the fact that parties cannot agree to certain provisions does not mean court review is required. If that were so, courts would be required to review every settlement agreement outside the FLSA to

7

determine if they contain unlawful provisions. The deterrent to improper contract provisions is unenforceability.

Because the FLSA is not an exception to FRCP 41, the district court was without authority to place conditions on the stipulated dismissal below. In this regard, the Second Circuit in *Hester Industries, Inc. v. Tyson Foods, Inc.*, 160 F.3d 911, 916 -917 (2d Cir. 1998), stated in relevant part as follows:

> The judge's signature on the stipulation did not change the nature of the dismissal. Because the dismissal was effectuated by stipulation of the parties, the court lacked the authority to condition dismissal on compliance with the Agreement. See Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 81 n. 21 (3d Cir.1994) ("[U]nder Fed.R.Civ.P. 41(a)(1)(ii), parties to a civil action may stipulate to a dismissal of an action at any time. A court has no authority to disapprove or place conditions on any such dismissal."); In re Wolf, 842 F.2d 464, 466 (D.C.Cir.1988) (per curiam) (" '[C]aselaw concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.' ") (quoting Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir.1984)).

Moreover, there is nothing in the FLSA which states that the FLSA is an exception to Rule 41 and there is no Supreme Court, Second Circuit or other court of appeals precedent holding as such. Two federal circuits have addressed the issue of court approval of FLSA settlements. In *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247 (5th Cir., July 24, 2012), the Fifth Circuit disagreed with the Eleventh Circuit decision in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir.1982), and held that court approval of FLSA settlements is not

8

required before an FLSA settlement can be used in a subsequent suit by the
releasor against the releasee. On December 10, 2012, the U.S. Supreme Court
denied cert in *Martin*. In *Martin*, the Fifth Circuit held that the subject settlement
was a valid defense in a subsequent suit by the releasors, because in reaching the
settlement, the releasing employees had professional representation in the form on
the union. By contrast, in *Lynn's Food*, the settlement in question was an attempt
by the employer to circumvent an ongoing Department of Labor investigation and
was reached with employees not represented by counsel and with apparent undue
pressure by the employer that sought the releases from employees under its employ
and control. As such, the Eleventh Circuit in *Lynn's Food* held that the settlement
release in question could not be used to prevent further legal claims by the
Department of Labor or the employees. Significantly, neither the Fifth Circuit nor
the Eleventh Circuit held that parties are prevented from settling an FLSA case by
stipulation pursuant to Fed.R.Civ.P. 41(a)(1)(ii). The district court's interpretation
on appeal herein is therefore a very aggressive one that has not been adopted by
any federal appeals court that has addressed the issue of court approval of FLSA
settlements and which is contrary to FRCP 41 and the Second Circuit's decision in
*Hester*.

## 2. THE DISTRICT COURT'S ORDER CONTRADICTS THE POSITION AND PRACTICE OF THE MAJORITY OF DISTRICT JUDGES

There are currently twenty-seven district judges in the Eastern District of New York. Consistent with *Hester* and FRCP 41, the overwhelming majority of these district judges (20 of the 27)[1], do not prevent dismissals of FLSA cases by stipulation under FRCP 41 without court approval. Notably, the six EDNY district judges that currently require approvals, did not previously prevent such dismissals but have not explained their change in position – the relevant parts of the FLSA have not changed in decades. Notably, in what is probably the first published opinion to carefully examine the role of FRCP 41 in FLSA cases, Judge Cogan in *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F.Supp.2d 368 (E.D.N.Y. 2013), reversed his position and stated in relevant part as follows:

> although I have ruled to the contrary in the past, I have come around
> to the view that the procedure of a court requiring approval before it
> permits parties to voluntarily dismiss an FLSA action is incorrect.

In *Lima v. Hatsuhana of USA, Inc.*, 2014 WL 177412, 2 (S.D.N.Y., 2014), Judge Furman addressed Judge Cogan's reversal and stated in relevant part as follows:

---

[1]  To the best of his knowledge, counsel for plaintiff-appellant has settled FLSA cases before each of the twenty-seven current EDNY judges except judge Pamela Chen who took the bench relatively recently. Based on this experience, only judges John Gleeson, Joanna Seybert, Dora Irizarry, Sandra Townes, Denis Hurley, Roslynn Mauskopf currently prevent dismissals of FLSA cases under FRCP 41 without court approval. Based on this experience, all of these judges did not previously prevent such dismissals under FRCP 41.

Judge Cogan may well be correct—the Court's invitation for the parties to file a motion arguing that judicial approval is not required was an indication that the Court is open to that possibility and, thus, open to revisiting its holding in Wolinsky.

Judge Furman's indication that he is now "open to revisiting [his] holding n Wolinsky," is very significant, because almost all of the six EDNY judges who require court approval, relied on Judge Furman's holding in *Wolinsky v. Scholastic, Inc.,* 900 F.Supp.2d 332 (S.D.N.Y., July 05, 2012), as support for their position. Even more significantly, Judge Furman and the EDNY judges who require judicial approval, have never addressed or distinguished the Second Circuit's binding precedent in *Hester* which is at the center of this appeal. In fact, the two district judges who have considered *Hester* have acted in ways which indicate that court approval is not required. In this case for example, after considering *Hester* and plaintiff's arguments based on *Hester*, the district judge in this case, stayed the action and certified her order for appeal. Similarly, in *Kelly v. Jimmy Jazz, Inc. et al*, EDNY Case #: 13-cv-01526 (RRM) (CLP), the parties filed a stipulation of dismissal but the district judge still required approval before the action could be dismissed. After plaintiff moved for reconsideration on the basis of *Hester* and FRCP 41, the district judge so-ordered the stipulation of dismissal and dismissed the case.

### 3.  REQUIRING COURT APPROVAL IS ALSO BAD POLICY AND CREATES IMMENSE UNDUE HARDSHIP FOR EMPLOYEES, EMPLOYERS AND THE COURTS

While the overwhelming authority establishes that the FLSA is not an exception to FRCP 41, any interpretation of FRCP 41 that creates an exception for the FLSA would also constitute bad policy because such a ruling would: 1) create judicial chaos; 2) impose severe costs on an already overburdened judiciary; 3) impose significant harms and costs on employees and employers.

As noted above, about 20 of the 27 outstanding district judges in the Eastern District of New York do not require court approval of stipulated dismissals of FLSA cases under Fed.R.Civ.P. 41(a)(1)(ii), and the small minority that do, did not previously require such court approval. This means that the overwhelming majority of the thousands of FLSA cases settled and dismissed by stipulation under FRCP 41 have never been approved by the court. A ruling that the lower courts were required to approve the settlements and dismissal in such cases would render the stipulated dismissals in thousands of FLSA cases over the years null and void and create tremendous chaos and negative consequences in this Circuit. The negative consequences would also be visited on the state courts within the Circuit because the FLSA allows employees to bring cases in state courts.

A ruling that the FLSA is an exception to FRCP 41 would not only create chaos in thousands of cases already dismissed without court approval, it would

impose horrific costs and create an untenable situation with regards to thousands of FLSA cases in this Circuit going forward. In *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010), the district court observed that:

> Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement.

Obviously, it is impossible for the federal courts to conduct the equivalent of bench trials/hearings in more than 7,000 FLSA cases filed annually[2] – that would be more than twice the number of all the civil trials/hearings conducted in the federal courts yearly.[3] However, this is precisely the type of impossible situation that is emerging in the lower courts unless this Court intervenes now. In the midst of the federal judiciary's financial crisis in which employees are being furloughed and court services are being reduced, the practice of court approval is imposing tens of millions in unnecessary costs on the judiciary and even greater costs on litigants in more than 7,000 FLSA cases filed yearly in federal courts nationwide.

Even worse than the harm to the judiciary is the harm to the victims of FLSA violations whose settlements are significantly reduced and in some cases wiped out by the costs of seeking court approval - it is an unnecessary tax levied on these settlements. For example, a plaintiff who reaches a $5,000 settlement and who is then forced by the court to file an approval motion and participate in a

---

[2] http://www.bna.com/flsa-lawsuits-hit-n12884911026/
[3] http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Duke%20Materials/Library/Marc%20Galanter%20and%20Angela%20Frozena,%20A%20Grin%20Without%20a%20Cat.pdf

fairness hearing can effectively see his settlement wiped out or significantly reduced by the legal fees and other costs incurred to comply with the approval requirement. The delays are also crushing. In a very recent case, one of my clients sent me the following email while waiting for the court to approve her settlement after the court had issued an order requiring approval:

> Hi Mr Hassan is there any good news please let me know cause I still can't find a job and im really running low on my emergency cash I just want to know how much longer is it going to take.????

Likewise, because the defendant has to also pay its own counsel for the additional work, among other factors, these approval requirements exact a heavy price on defendants as well. In a February 28, 2013 report on Judge Cogan's change of position in *Picerni,* the Reuters news agency quoted an employment defense attorney and stated as follows[4]:

> While Cogan's conclusion isn't binding on other judges in the district, it may compel them to follow suit, said Stephen Hans, an attorney in Long Island City, New York, who represents management in wage disputes. Hans hailed the decision as the removal of an obstacle from the settlement of wage-and-hour cases, which, he says, are "spreading like amoebas" in federal courts.
>
> "I see it as one less hurdle you have to go through. Judges routinely don't alter (settlements)," he said. "Why cost my client more time to go down to the courthouse to get the judge's seal of approval?" Hans said.

---

[4]     http://nypersonalinjurylawrecord.com/news-wire/flsa-cases-can-be-settled-without-judges-approval-opinion-says/

Similarly, the law360 publication reported on the *Picerni* decision and stated as follows[5]:

> Whether brought on by the fear of unenforceability or the immediate command of a judge, the requirement to publicly file settlement agreements is less than ideal for employers. Public settlements can draw copycat suits and media attention, and fairness proceedings add time and cost to litigation.

These approval requirements conservatively add tens of millions of dollars, or a lot more, in time spent by both plaintiff attorneys and defense attorneys. In fact, the situation is dramatically worse if we factor in the even greater number of FLSA cases settled but not filed in court. According to U.S. Department of Labor, about 130 million[6] American workers are covered by the FLSA on a weekly basis. A large number of the FLSA disputes between these 130 million workers and their employers are settled privately outside of court. If these settlements must be approved by the court, the number of court approval motions and hearings in federal and state courts will increase even more and the problem will get even worse for the employers, employees, and the courts. This Court should provide the requested guidance now.

## VI. CONCLUSION

Plaintiff respectfully requests that this Honorable Court: 1) hold that the FLSA did not prohibit the parties from settling this case without court approval;

---

[5] http://www.morganlewis.com/pubs/Law360_PrivateFLSADeals_06march13.pdf
[6] http://www.dol.gov/compliance/guide/minwage.htm

and 2) grant plaintiff such other, further and different relief as the Court deems just and proper.


Dated: Queens Village, New York
         April 24, 2014

Respectfully submitted,

Abdul Hassan Law Group, PLLC


   /s/ Abdul Hassan
By: Abdul Karim Hassan, Esq. (AH6510)
*Counsel for Plaintiff-Appellant*
215-28 Hillside Avenue
Queens Village, New York 11427
Tel: 718-740-1000 - Fax: 718-740-2000
Email: abdul@abdulhassan.com

CERTIFICATION PURSUANT TO
Fed. R. App. P. 32(a)(7)(B) and (C)

The undersigned hereby certifies that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and (C) because the brief contains 3,772 words of text.

The brief complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type style requirements of Fed.R.App.P.32(a)(6) because this brief was prepared in a proportionally spaced typeface using Microsoft Word 2003, Times New Roman, Size 14.

Dated: April 25, 2014

_____ /s/ Abdul Hassan _____
Abdul Hassan

*db*