# 14-299

## ■ United States Courts of Appeals for the Second Circuit

DORIAN CHEEKS

*Plaintiff-Appellant*

V.

FREEPORT PANCAKE HOUSE, INC.,
W.P.S. INDUSTRIES, INC.

*Defendants-Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
(CASE NO. 2:12-CV-04199-JS-ARL)
THE HONORABLE JOANNA SEYBERT, DISTRICT COURT JUDGE

**BRIEF FOR DEFENDANTS-APPELLEES**

KAUFMAN, DOLOWICH & VOLUCK, LLP
Keith Gutstein, Esq.
Angel R. Sevilla, Esq.
Attorneys for Defendants-Appellees
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
(516) 681-1100

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................ii

CORPORATE DISCLOSURE STATEMENT ..................................................... .iv

PRELIMINARY STATEMENT ......................................................................... 1

STATEMENT OF ISSUES ................................................................................. 1

STATEMENT OF THE CASE .......................................................................... .2

SUMMARY OF ARGUMENT ........................................................................... 3

ARGUMENT........................................................................................................ 4

I.  The FLSA is Not an Exception to the Parties' Right to Voluntarily
    Discontinue a Federal Action Under FRCP Rule 41. ................................... .4

II. Concerns Regarding Employees' "Unequal Bargaining Power" Do Not Apply in the
    Adversarial Proceedings of Federal Lawsuits and Do Not Justify Limitations
    on Parties' Right to Dismissal Under Rule 41. ...............................................8

III. Judicial Approval of the FLSA Court Settlements Contradicts Public
     Policy and Harms Those the FLSA is Intended to Protect ...............................11

CONCLUSION .................................................................................................... 12

CERTIFICATION ............................................................................................... 13

## TABLE OF AUTHORITIES

CASES                                                                                                           PAGE NO.

Brooklyn Savings Bank v. O'Neil
324 U.S. 697 (1945) ..................................................................................................6

Cabrera v. Nassau Medical Services
526 Fed. Appx. 12 (2d Cir. 2013) ..........................................................................1

Compare Socias v. Vomado Realty L.P.
297 F.R.D. 38 (E.D.N.Y. Jan. 16, 2014) ................................................................5

Duprey v. The Scotts Company LLC
No. 13 Civ. 3496, 2014 WL 2174751 (11 Maryland May 23, 2014) ..................8

Equal Employment Opportunity Commission v. Sage Realty Corp., Inc.
87 F.R.D. 365, 370-71 (S.D.N.Y. 1980) ..............................................................10

Lima v. Hatsusana of USA, Inc.
No. 13 Civ. 3389 (JMF), 2014 WL 177412 (S.D.N.Y. Jan. 16, 2014) ................5

Lynn's Food Stores, Inc. v. U.S. Del* of Labor
679 F. 2d 1350 (11th Cir. 1982) ........................................................................ 8-9

Martin v. Spring Break '83 Prods., L.L.C.
688 F.3d 247 (5th Cir. 2012) ..................................................................................8

Martinez v. Bohls Bearing Equipment Co.
361 F. Supp. 2d 608 (W.D. Texas 2005) ....................................................... passim

Picemi v. Bilingual Seit & Preschool Inc.
925 F. Supp. 2d 368 (E.D.N.Y. 2013) ........................................................... passim

Rahman v. Kaplan Cornelia, Inc.
No. 12 Civ. 9095 (SN), 2014 WL 541851 (S.D.N.Y. Feb. 11, 2014) ...................1

Schulte, Inc. v. Gangi
328 U.S. 108 (1946) ..................................................................................................6

Thomas v. Louisiana
534 F.2d 613 (5th Cir. 1976) ..................................................................................9

Wolters Kluwer Financial Services, Inc. v. Scivantage
564 F.3d 110 (2d Cir. 2009) ) ..................................................................................4

<u>Thorp v. Seame</u>
599 F.2d 1169 (2d Cir. 1979)

**Statutes**

Fed. R. Civ. P. 41(a)(1)(A) ........................................................................................

## CORPORATE DISCLOSURE STATEMENT

Defendants-Appellees, Freeport Pancake House, Inc. and W.P.S. Industries, Inc. are not publicly held companies and no parent corporations or publicly held companies own ten percent (10%) or more of their stock.

## **PRELIMINARY STATEMENT**

Defendants-Appellees, Freeport Pancake House, Inc. and W.P.S. Industries, Inc. (collectively, "Appellees"), respectfully submit this Brief in response to Plaintiff-Appellant's ("Appellant") appeal of the Order to Show Cause issued by the Honorable Joanna Seybert of the United States District Court, Eastern District of New York, dated January 24, 2014 (the "Order on Appeal").

The Order on Appeal barred the parties from terminating the district court action with prejudice pursuant to a voluntary dismissal stipulation under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure ("FRCP"), absent the district court's approval of the settlement terms negotiated by the parties through their counsel, and the parties' submission of "additional information in the form of affidavits or other documentary evidence explaining why the proposed settlement is fair and reasonable." (A34-A36).

## **STATEMENT OF ISSUES**

This appeal provides the Second Circuit Court of Appeals the opportunity to finally resolve an issue that has confounded plaintiffs, defendants, practitioners, and judges in the myriad cases annually filed in this Circuit alleging violations of the Fair Labor Standards Act ("FLSA"): Whether represented parties may voluntarily dismiss a pending FLSA lawsuit under FRCP Rule 41 pursuant to a private settlement without court approval)

---

Recently, in *Cabrera v. Nassau Medical Services, P.C.,* 526 Fed. Appx. 12 (2d Cir. 2013), the Second Circuit recognized *"a general continuing controversy regarding whether parties may settle claims brought under the FLSA without court approval." Id.* at *13 [emphasis supplied]. The Second Circuit declined to address the issue in *Cabrera* because, unlike the instant appeal, there was no aggrieved party therein because the district court had already approved the FLSA settlement and dismissed the action. *Id. See also Rahman v. Kaplan Cornelia, Inc.,* No. 12 Civ. 9095 (SN), 2014 WL 541851, *7 (S.D.N.Y. Feb. 11, 2014) (recognizing that the law of whether judicial approval of FLSA settlements is required by the Act "is not settled.").

## STATEMENT OF THE CASE

Appellant filed a Complaint with the United States District Court, Eastern District of New York, on August 22, 2012. (A5 - A15). Over the course of Appellant's two (2) year employment, Appellant worked exclusively as a server for a finite time period, and far another time period exclusively as the general manager of two (2) Long Island franchises of the International House of Pancakes ("IHOP"). Appellant alleged in the action that Appellees failed to pay him overtime compensation throughout his employment.

Appellees filed their Answer on October 22, 2012, denying Appellant's factual allegations and asserting applicable affirmative defenses to Appellant's legal claims. (A16 — A25). In an effort to mitigate litigation costs, the parties dedicated their time and resources in good faith to settlement discussions at the early stages of litigation, in lieu of extensive formal discovery. The parties exchanged documents and responded to interrogatories, while counsel for both parties engaged in settlement negotiations for approximately eleven (11) months. The parties reached a settlement in December 2013.

At the time the parties reached a settlement, the parties had divergent views as to whether Appellant was entitled to unpaid overtime during the time he worked as a server. While Appellant alleged that he regularly worked up to 60 hours per week as a server, Appellees maintained that Appellant worked between 30 to 36 hours per week, and that Appellant was properly compensated the requisite time and a half rate during the times he worked in excess of 40 hours in one workweek. There were also considerable differences among the parties as to whether Appellant was exempt from overtime pay requirements during his time he worked as the restaurants' general manager. Appellees contended that, in his capacity as general manager, Appellant was primarily responsible for, and did perform, "exempt" duties, such as delegating work, handling customer complaints, managing inventory, hiring personnel, supervising employees and creating work

schedules. On the other hand, Appellant believed that he should have been classified as a "non-exempt" employee and that he was entitled to receive overtime compensation during the time he held the title of general manager. (A3 at ECF No. 15).

After a settlement agreement was negotiated and signed, the parties filed a stipulation of dismissal pursuant to FRCP 41(a)(1)(A)(ii) on December 27, 2013.

On January 24, 2014, Judge Seybert issued the Order on Appeal, directing the parties to file a copy of the settlement agreement on the public docket and to "show cause why the proposed settlement agreement 'reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought by an employer's overreaching." (A34 — A36). The district court expressed no interest in learning about the parties' dispute to make a determination as to whether a *bona fide* dispute existed. Such an inquiry would have showed that the settlement was the product of a compromise of the issues in dispute between the parties. In the event the district court is not satisfied with the terms of the settlement, the action "will be referred to Magistrate Judge Arlene R. Lindsay for discovery," which would force the parties to incur the time, costs, and expenses of discovery and trial.

## SUMMARY OF ARGUMENT

The district court erred in adhering to the principle that the FLSA is an exception to the parties' right to voluntarily dismiss a pending lawsuit under FRCP Rule 41. Appellees agree with Appellant's contention that district courts do not have the authority to impose conditions on stipulated dismissals under FRCP 41. The judicially constructed procedure of requiring court approval of all FLSA settlements, regardless of their nature, size, or the underlying issues, is followed by only a few district court and magistrate judges in Second Circuit district courts, and it is neither required nor authorized by the statutory language and legislative history of the FLSA and FRCP.

3

Voluntary releases and waivers of FLSA claims should be permitted without judicial scrutiny where, as here, there exists a *bona fide* dispute regarding the claims at issue in the action. Moreover, courts' interest in protecting employees who have "unequal bargaining power" and may be vulnerable to coercion is significantly minimized, if not eliminated, in the context of the adversarial proceedings of litigation.

Conditioning Rule 41 dismissals on the district court's satisfaction of the settlement also contradicts public policy by effectively disregarding all parties' desire to voluntarily discontinue the case and potentially forcing all parties to incur the costs of litigation against their will. In sum, the practice leads to considerably adverse consequences of further burdening the judiciary, delaying the resolution of FLSA actions, discouraging amicable resolutions of wage and hour disputes, and harming the individuals the FLSA intended to protect.

## **ARGUMENT**

### I. THE FLSA IS NOT AN EXCEPTION TO THE PARTIES' RIGHT TO VOLUNTARILY DISCONTINUE A FEDERAL ACTION UNDER FRCP RULE 41.

FRCP Rule 41(a) affords a plaintiff to a federal action the unfettered right to voluntarily discontinue the action brought by plaintiff for any reason. Fed.R.Civ.P. 41(a)(1)(A)(i)-(ii) ("[P]laintiff may dismiss an action without a court order by filing...a stipulation of dismissal signed by all parties who have appeared."). *See also Wolters Kluwer Fin. Servs., Inc. v. Scivantage,* 564 F.3d 110, 114-15 (2d Cir. 2009), *citing Thorp v. Scarne,* 599 F.2d 1169, 1175 (2d Cir. 1979) ("[Plaintiff] was entitled to file a valid Rule 41 notice of voluntary dismissal for any reason... as long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge"). Plaintiffs dismissal right under Rule 41 is limited only by the provisions set forth in "Rule 23(e), 23.1(c), 23.2, and 66 and *any applicable federal statute."* Fed. R. Civ. P. 41(a)(1)(A) [emphasis supplied].

4

District courts have applied Rule 41 in the context of FLSA actions inconsistently, fueling the ongoing uncertainty among plaintiffs, defendants, attorneys, and the courts as to how thousands[2] of FLSA actions filed annually should be litigated or settled and, if a settlement is reached, whether the court would invalidate an agreement if it deems it unfair and force the parties to litigate the case against their will. *Compare Socias v. Vornado Realty L.P.,* 297 F.R.D. 38, 41 (E.D.N.Y. Jan. 16, 2014) ("to permit Rule 41 to trump the FLSA would nullify the purposes of the Act and thwart the legislative policies it was designed to effectuate"), *with Martinez v. Bohls Bearing Equipment Co.,* 361 F. Supp. 2d 608, 623-24 (W.D. Texas 2005) ("a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability.") *("Martinez").*

*In Picerni v. Bilingual Seit & Preschool Inc.,* 925 F. Supp. 2d 368 (E.D.N.Y. 2013) *("Percini"),* Judge Brian M. Cogan analyzed the legislative history of the FLSA, as well as case law concerning settlements and general releases under the Act. *Id.* at 374. In that case, the court concluded that "the FLSA is not one of the qualifying statutes that fall within the exemption from Rule 41." *Id. See also Lima v. Hatsusana of USA, Inc.,* No. 13 Civ. 3389 (JMF), 2014 WL 177412, *2 (S.D.N.Y. Jan. 16, 2014) ("Judge Cogan may well be correct — the Court's invitation for the parties to file a motion arguing that judicial approval is not required [to settle an FLSA case] was an indication that the Court is open to that possibility and, thus, open to revisiting its holding in *Wolinsky").*

The *Picerni* Court correctly noted that nothing in the FLSA expressly conditions the dismissal of an action under the Act upon court approval. As such, "the absence of such a requirement is a strong indication that Congress did not intend it." *Id.* at 375-76. Appellees respectfully ask the Court to follow Judge Cogan's decision in *Percini.* If Congress truly intended

---

[2] See Appellant's Brief at n.2.

to condition FLSA settlements upon court approval and make the FLSA the exception to Rule 41, Congress would have expressly done so, as Congress had provided in other statutes. *See* 8 U.S.C. §1329 (setting forth jurisdiction of United States District Courts in cases brought by the United States and stating that "no suit or proceeding for a violation of any of the provisions in this subchapter shall be settled, compromised, or discontinued without the consent of the court in which it is pending and any such settlement, compromise, or discontinuance shall be entered of records with the reasons therefor."); 31 U.S.C. §§3730, 3731 (liability of persons making false claims against United States); FRCP Rule 23(e) (in the context of class actions, "the claims issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval"); FRCP Rule 66 ("An action in which a receiver has been appointed may be dismissed only by court order").

Moreover, the *Percini* Court's interpretation of Rule 41 and the FLSA is consistent with the FLSA's legislative history, which negates an interpretation that Congress sought to restrict the parties' ability to dismiss a pending FLSA action under FRCP Rule 41. Notably, since the FLSA was enacted in 1938, Congress had repeated opportunities to expressly require court approval of FLSA settlements. Not only did Congress refuse to do so, subsequent amendments to the FLSA show that Congress intended to <u>expand</u> parties' ability to reach a private compromise of a dispute involving the FLSA.

In *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697 (1945) *("O'Neil"),* the United States Supreme court held that a claim for liquidated damages under the FLSA could not be waived through a release agreement absent a *bona fide dispute* between the employer and employee. *Id.* at 709. The following year, in *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946) *("Gangi"),* the Supreme Court again deemed a pre-litigation release agreement unenforceable to preclude an

employee's later suit for liquidated damages, because no *bona fide dispute* existed between the parties at the time of the release. *Id.* at 110.

Congress thereafter passed the Portal-to-Portal Act of 1947, in part to repudiate or limit the import of the Supreme Court's decisions in *O'Neil* and *Gangi. See Martinez,* 361 F. Supp. 2d at 623-24. Section 3 of the Portal-to-Portal Act, which was enacted on May 14, 1947, granted some relief to employers by permitting the compromise of all then-existing FLSA claims:

> (a) Any cause of action under the [FLSA]...which accrued prior to May 14, 1947, or any action (whether instituted prior to or on or after the date of the enactment of this Act) to enforce such a cause of action, <u>may hereafter be compromised in whole or in part,</u> if there exists a bona fide dispute as to the amount payable by the employer to his employee; except that no such action or cause of action may be so compromised to the extent that such compromise is based on an hourly wage rate less than the minimum required under such Act, or on a payment for overtime at a rate less than one and one-half times such minimum hourly wage rate.
>
> <u>(b)</u> <u>Any employee may hereafter waive his right under the [FLSA] to liquidated damages,</u> in whole or in part, with respect to activities engaged in prior to May 14, 1947.

29 U.S.C. § 253(a)-(b) [emphasis supplied]. Notably, the Portal-to-Portal Act did not include any provision that requires the court's approval of FLSA settlements, nor did it designate the FLSA as an exemption to Rule 41. On the contrary, the law allowed parties to resolve FLSA claims for claims accrued as of May 14, 1947, and the question of whether FLSA claims accruing thereafter was left unresolved. *Martinez,* 361 F. Supp. 2d at 625.

Congress again refused to expressly require court approval of FLSA settlements in passing the FLSA Amendments of 1949. The 1949 Amendments added Section 216(c):

> The [Department of Labor] is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of [the FLSA], and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

7

29 U.S.C. § 216(c). As with the Portal-to-Portal Act, the 1949 FLSA Amendments provided no language that conditions the dismissal of an FLSA action upon court approval. *See Pereini,* 925 F. Supp. 2d at 375. Congress solely "authorized," but not required, the Department of Labor's supervision of private FLSA settlements.

In the appeal at bar, the district court made no effort to determine whether a *bona fide* dispute existed among the parties at the time a settlement was reached. (A34 — A36). Upon the filing of a stipulation of dismissal with prejudice under FRCP Rule 41, the court directed the parties to file their settlement agreement on the public docket and to explain why the proposed settlement is fair and reasonable. (A34 — A36). The district court erred in its failure to consider the parties' respective positions with regards to the claims at issue in the case. As set forth above, Appellant and Appellees held markedly divergent positions as to whether Appellant worked the number of hours he claimed to have worked, as well as Appellant's entitlement for overtime pay during the time he was employed as the restaurant's general manager. Such an inquiry would have led to the determination that a *bona fide* dispute existed among the parties; therefore, there are authorities that support a determination that the parties should have been free to negotiate a private settlement without court approval. *See Martin v. Spring Break '83 Prods., L.L.C.,* 688 F.3d 247, 255 (5th Cir. 2012) (holding that a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability); *Martinez,* 361 F. Supp. 2d at 625 (same).

H. CONCERNS REGARDING EMPLOYEES' "UNEQUAL BARGAINING POWER" DO NOT APPLY IN THE ADVERSARIAL PROCEEDINGS OF FEDERAL LAWSUITS AND DO NOT JUSTIFY LIMITATIONS ON PARTIES' RIGHT TO DISMISSAL UNDER RULE 41.

Judicially imposed restrictions on FLSA private settlements are justified by some courts based on the assumption that plaintiffs are low wage earners who have "unequal bargaining power" and are "more susceptible to coercion." *See, e.g., Sodas,* 297 F.R.D. at 41; *Lynn's Food Stores,*

*Inc. v. US. Dep't of Labor,* 679 F.2d 1350, 1354 (11th Cir. 1982) *("Lynn's Food Stores"); Duprey v. The Scotts Company LLC,* No. 13 Civ. 3496, 2014 WL 2174751 (D. Maryland May 23, 2014).

This concern, however, is considerably abated, if not eliminated, in the context of a lawsuit, where plaintiffs are represented by counsel and a settlement is most likely the result of a compromise over disputed issues. For example, in *Lynn's Food Stores,* the Eleventh Circuit acknowledged the difference between a pre-dispute "waiver" of FLSA claims by employees, and releases in FLSA lawsuits, which "provides some assurance of an adversarial context." 679 F.2d at 1354. The Eleventh Circuit therein explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute.

*Id.*[3] *See also, Thomas v. Louisiana,* 534 F.2d 613, 615 (5th Cir. 1976) (finding a private settlement of FLSA claims binding and enforceable in part because "there was little danger of employees being disadvantaged by unequal bargaining power.").

Parties and their counsel are almost always in a better position than the Courts to assess the strengths and weaknesses of their respective cases and, in light of such assessment and consideration of the costs of discovery and litigation, whether early settlement is a preferable resolution of the FLSA lawsuit, as opposed to litigation. By way of example, it would be entirely inaccurate for the district court to assume that a represented plaintiff who voluntarily agrees to dismiss his PLSA lawsuit for a modest sum to avoid being cross-examined at deposition was

---

[3] In *Lynn's Food Stores,* the Eleventh Circuit held that PLSA claims may not be settled without the approval of the Department of Labor or the courts. There, the settlement was reached outside the context of a lawsuit. The Court noted that the employees were not actually aware of the pending Department of Labor determination that they were owed back wages and there was no evidence that employees had consulted with an attorney. 679 F.2d at 1353-54. By contrast, Appellant in the instant appeal was represented by counsel at all times during the litigation and at the time the parties reached a settlement.

9

somehow coerced into accepting an amount because of unequal bargaining power. Similarly, an employer who elects to settle an unmeritorious FLSA action for a modest amount simply to avoid litigation costs cannot be assumed to have exerted its will over an employee. In scrutinizing a settlement agreement negotiated by the parties, and requiring the court's satisfaction before a case is formally dismissed, the court is essentially substituting its own judgment over the parties and their counsel. As a significant portion of FLSA cases settle before a substantial amount of discovery has taken place, courts would necessarily have to rely on the allegations in the Complaint and improperly assume the merits thereof in order to determine whether the proposed settlement is "fair and reasonable."

Courts that invoke the "unequal bargaining power" assumption in refusing to allow parties to privately settle pending FLSA litigation also rely on the unfounded generalization that employers are large corporations with vast financial resources that enables them pay additional consideration, or that a settlement of an amount lower than the district court's liking was the product of the employer's effort to avoid paying the employee his full share of unpaid wages. In *Percini,* the district court dispelled this misconception:

> This is not the case with the vast majority of FLSA cases that come before me. They are simply too small, and the employer's finances too marginal, to have the parties take further action if the Court is not satisfied with the settlement.

925 F. Supp. 2d at 377. Like plaintiffs, employers consider various factors in deciding to settle a case. An employer may accept some degree of culpability and elect to compensate the employee at the early stages of litigation rather than face a larger judgment, comprised largely of attorneys' fees, that the employer may not be able to satisfy. In other cases, an employer may agree to settle a case it deems wholly unmeritorious for a modest amount to avoid the costs of discovery and the uncertainties of trial.

Finally, it bears noting that concerns over "unequal bargaining power" are hardly unique to ELSA cases. Title VII of the Civil Rights Act of 1964, for example, is recognized as a "remedial" statute designed to eradicate invidious discriminatory practices of employers. Accordingly, Courts find that Title VII must be "interpreted liberally in order to achieve its remedial purpose of eradicating discrimination in employment."  *Equal Employment Opportunity Commission v. Sage Realty Corp., Inc.,*  87 F.R.D. 365, 370-71 (S.D.N.Y. 1980). And yet, it is well established that Title VII is not an exception to parties' dismissal rights under Rule 41 and that parties may privately settle Title VII claims without the need for court approval.

### JUDICIAL APPROVAL OF FLSA COURT SETTLEMENTS CONTRADICTS PUBLIC POLICY AND HARMS THOSE THE FLSA IS INTENDED TO PROTECT

Appellees agree with the arguments set forth by Appellant in that requiring court approval of all FLSA settlements would hamper judicial economy, discourage settlements, and impose significant hardships to employers as well as the very employees the FLSA is intended to protect.

The requirement of judicial scrutiny of FLSA settlements puts the court in an adversarial position to all parties and their counsel. That is, if the court is not satisfied with the terms of the agreement, the court may refuse to dismiss the action and essentially force the parties to engage in a costly and time-consuming trial. For example, plaintiffs who do not wish to appear for a deposition are forced by the court to submit to cross-examination. Employers who wish to devote their limited resources to engage in settlement discussions are forced to spend money on written discovery, depositions, and trial, instead of settlement negotiations. Employers may no longer be in a position to settle at a later time after having spent their resources in litigation. Employees are unable to make even a voluntary decision to obtain payment at the early stages of litigation in lieu of the possibility of a larger payment upon the entry of judgment.  *See Percini,* 925 F. Supp. 2d at 377 ("Ratcheting up the legal process to achieve some Platonic form of the ideal of judicial vindication did not seem

11

necessary to accomplish any purpose under the FLSA"); *Martinez,* 361 F. Supp. 2d at 630 ("Judicial caseloads, as well as the workload of the Wage and Hour Administration, would likely be swamped with unnecessary disputes, many dubious and with little evidence, that could not be finally settled without approval from either a court or the Secretary of Labor. This surely cannot be what was intended by Congress when the FLSA was passed.").

## **CONCLUSION**

For the foregoing reasons, the Order on Appeal should be reversed and the district court should issue an Order dismissing the action pursuant to the voluntary stipulation under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

Dated: Woodbury, New York
       June 24, 2014

                      Respectfully submitted,
                      KAUFMAN DOLOWICH & VOLUCK, LLP
                      *Attorneys for Defendant-Appellees,*
                      *Freeport Pancake House, Inc. and W.P.S. Industries, Inc.*

By                     /s/ 
                      Keith Gutstein, Esq.
                      Angel R Sevilla, Esq.
                      135 Crossways Park Drive, Suite 201
                      Woodbury, New York 11797
                      Phone: (516) 681-1100
                      Fax: (516) 681-1101

CERTIFICATION PURSUANT TO
FEDERAL RULE OF APPELLATE PROCEDURE RULE 32(a)(7)(C)

      This is to certify that the foregoing brief complies with the 14,000 word limitation of Federal Rules of Appellate Procedure Rule 32(a)(7)(B), in that the brief is calculated by the word processing program to contain approximately 4,253 words, exclusive of the Table of Contents, Table of Authorities, and this Certification.

Dated: Woodbury, New York      KAUFMAN DOLOWICH & VOLUCK, LLP
June 24, 2014     *Attorneys for Defendant-Appellees,*
    *Freeport Pancake House, Inc. and*
    *WP. S. Industries, Inc.*

    By_____
        Keith Gutstein, Esq.

4815-H39-5355,v. 1