UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): 14-CV-299                   Caption [use short title]

Motion for: Stay Issuance of Mandate

Cheeks v. Freeport Pancake House, Inc.

Set forth below precise, complete statement of relief sought:

Appellant seeks a stay of issuance of the mandate
pending the filing of a petition for certiorari with the
U.S. Supreme Court and until the final disposition of
such appeal in the event certiorari is granted.

| | |
|---|---|
| MOVING PARTY: Dorian Cheeks | OPPOSING PARTY: Freeport Pancake House, Inc. |
| ☐ Plaintiff      ☐ Defendant | |
| ☑ Appellant/Petitioner    ☐ Appellee/Respondent | |
| MOVING ATTORNEY: Abdul K. Hassan, Esq. | OPPOSING ATTORNEY: Keith J. Gutstein, Esq. |

[name of attorney, with firm, address, phone number and e-mail]

| | |
|---|---|
| Abdul Hassan Law Group, PLLC | Kaufman, Dolowich & Voluck, LLP |
| 215-28 Hillside Avenue | 135 Crossways Park Drive, Suite 201 |
| Queens Village, NY 11427 | Woodbury, NY 11797 |

Court-Judge/Agency appealed from: EDNY - Hon. Joanna Seybert

Please check appropriate boxes:          FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): _____

Has request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this Court? ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☑ No ☐ Don't Know

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☑ Yes ☐ No  If yes, enter date: 11/14/2014

Signature of Moving Attorney:
_Abdul Hassan_    Date: 8/20/2015      Service by: ☑ CM/ECF    ☐ Other [Attach proof of service]

Form T-1080 (rev. 12-13)

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

| | |
|---|---|
| Dorian Cheeks,<br><br>              Plaintiff-Appellant,<br><br>     -v-<br><br>Freeport Pancake House, Inc., and<br>W.P.S. Industries, Inc.,<br><br>             Defendants-Appellees. | **MOTION TO STAY**<br>**ISSUANCE OF MANDATE**<br><br>2d Cir. Case No.: 14-cv-299<br><br>EDNY Case No.: 12-cv-4199<br>(JS) |

## I. PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

Pursuant to Rule 41 of the Federal Rules of Appellate Procedure ("FRAP"),
Plaintiff-Appellant Dorian Cheeks respectfully requests that this Honorable Court
stay its issuance of the mandate in this case until the deadline for filing a petition
for certiorari with the U.S. Supreme Court, and consistent with  FRAP 41, for the
stay to continue until the Supreme Court finally disposes of the appeal, if certiorari
is granted. Defendant does not oppose this motion.

This Court in *Cheeks v. Freeport Pancake House, Inc.*, No. 14-299-CV,
2015 WL 4664283, at *1 (2d Cir. Aug. 7, 2015), set forth the background and
nature of the case as follows:

> Cheeks worked at both Freeport Pancake House, Inc. and W.P.S.
> Industries, Inc. (together, "Freeport Pancake House") as a restaurant
> server and manager over the course of several years. In August 2012,
> Cheeks sued Freeport Pancake House seeking to recover overtime
> wages, liquidated damages and attorneys' fees under both the FLSA
> and New York Labor Law. Cheeks also alleged he was demoted, and
> ultimately fired, for complaining about Freeport Pancake House's

1

failure to pay him and other employees the required overtime wage. Cheeks sought back pay, front pay in lieu of reinstatement, and damages for the unlawful retaliation. Freeport Pancake House denied Cheeks' allegations.

After appearing at an initial conference with the district court, and engaging in a period of discovery, the parties agreed on a private settlement of Cheeks' action. The parties then filed a joint stipulation and order of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii). *Cheeks v. Freeport Pancake House, Inc.,* No. 2:12–cv–04199 (E.D.N.Y. Dec. 27, 2013) ECF No. 15. The district court declined to accept the stipulation as submitted, concluding that Cheeks could not agree to a private settlement of his FLSA claims without either the approval of the district court or the supervision of the DOL. The district court directed the parties to "file a copy of the settlement agreement on the public docket," and to "show cause why the proposed settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." App'x at 35 (internal quotation marks omitted). The district court further ordered the parties to "show cause by providing the Court with additional information in the form of affidavits or other documentary evidence explaining why the proposed settlement is fair and reasonable." App'x at 35.

Rather than disclose the terms of their settlement, the parties instead asked the district court to stay further proceedings and to certify, pursuant to 28 U.S.C. § 1292(b), the question of whether FLSA actions are an exception to Rule 41(a)(1)(A)(ii)'s general rule that parties may stipulate to the dismissal of an action without the involvement of the court. On February 20, 2014, the district court entered an order staying the case and certifying the question for interlocutory appeal. Our Court granted the motion. *Cheeks v. Freeport Pancake House, Inc.,* 14–299–cv (2d Cir. May 7, 2014), ECF No. 44. Our Court heard oral argument on November 14, 2014. As both parties advocated in favor of reversal, following oral argument we solicited the views of the DOL on the issues raised in this matter. The DOL submitted a letter brief on March 27, 2015, taking the position that the FLSA falls within the "applicable federal statute" exception to Rule 41(a)(1)(A), such that the parties may not stipulate to the dismissal of FLSA claims with prejudice without the

2

involvement of a court or the DOL." Cheeks submitted supplemental briefing in response to the DOL's submission on April 20, 2015, and we find no need for additional oral argument.

On August 7, 2015, the Second Circuit issued its opinion in this case, holding in essence, that the parties cannot dismiss an FLSA case with prejudice pursuant to FRCP 41, without court approval. See *Cheeks v. Freeport Pancake*, 2015 WL 4664283 (August 7, 2015).

## II. ARGUMENT

### 1. THE ISSUANCE OF THE MANDATE SHOULD BE STAYED

This Court should stay its issuance of the mandate pursuant to FRAP 41(d) which reads in relevant part as follows:

> **(1) On Petition for Rehearing or Motion.** The timely filing of a petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, stays the mandate until disposition of the petition or motion, unless the court orders otherwise.
>
> **(2) Pending Petition for Certiorari.**
> **(A)** A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the certiorari petition would present a substantial question and that there is good cause for a stay.
> **(B)** The stay must not exceed 90 days, unless the period is extended for good cause or unless the party who obtained the stay files a petition for the writ and so notifies the circuit clerk in writing within the period of the stay. In that case, the stay continues until the Supreme Court's final disposition.

**(C)** The court may require a bond or other security as a condition to granting or continuing a stay of the mandate.

**(D)** The court of appeals must issue the mandate immediately when a copy of a Supreme Court order denying the petition for writ of certiorari is filed.

The requirements for a stay of issuance of the mandate are met in this case.

## A. CASE PRESENTS A SUBSTANTIAL QUESTION

The obvious existence of a substantial question is underscored by the fact that the district court certified the subject question for interlocutory appeal and by accepting that certification on May 7, 2014, the Second Circuit necessarily found that the question presented is substantial. Moreover, this Court in its opinion, noted the split in authority at the district court level on the subject question of whether parties can dismiss FLSA cases pursuant to FRCP 41, without court approval, and the lack of guidance from the Supreme Court and other courts of appeals. *Cheeks*, 2015 WL 4664283, at *2 ("We start with a relatively blank slate, as neither the Supreme Court nor our sister Circuits have addressed the precise issue before us. District courts in our Circuit, however, have grappled with the issue to differing results."). Also, the question presented controls the disposition of every one of the increasing number of FLSA cases, and implicates at least two Supreme Court decisions – *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), and *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 (1946).

## B. GOOD CAUSE EXISTS

4

Good cause also exists for the same reasons that the district court issued a stay in this case. On or about January 21, 2014, the Honorable district judge found that the requirements for a stay were present, such as irreparable harm, and ordered that "the instant action is stayed pending the outcome of this motion and the pending appeal." (See *Cheeks v. Freeport Pancake*, EDNY Case No. 12-4199, ECF No. 7, Doc No. 20, pg 7). The absence of a stay would also frustrate the right to seek an appeal to the Supreme Court. Moreover, because the Second Circuit's decision is the first and only appellate decision in the 77 year history of the FLSA to impose a court approval requirement in FLSA cases, there already is, and is likely to be an increasingly significant impact on the district courts and parties in FLSA cases. By the time the Supreme Court decides this appeal, if certiorari is granted, it would have the benefit of knowing the impact of this Court's decision, and the likely benefit of a wider array of amicus curiae briefing. A stay and subsequent appeal will therefore give the Supreme Court the chance to make appropriate and necessary changes to the Second Circuit's ruling and reduce any unnecessary negative consequences. It would also benefit this Court and strengthen its decision if the significant changes imposed in deciding the issue of first impression herein, are reviewed by another set of eyes in the nation's highest court. In fact, similar to the district Court's decision to certify its order, this Court should not only stay its mandate, but in deciding this motion, should also encourage the

5

Supreme Court to grant certiorari, especially given the prestige and respect afforded this Court and the panel members in this case. We thank this Honorable Court and panel members for the time and attention given to this appeal.

## III. CONCLUSION

Based on the foregoing, Plaintiff-Appellant Dorian Cheeks respectfully requests that this Honorable Court stay the issuance of the mandate in this case pursuant to FRAP 41 until the deadline for filing a petition for certiorari with the U.S. Supreme Court, and consistent with FRAP 41, for the stay to continue until the Supreme Court finally disposes of the appeal, if certiorari is granted. Defendant does not oppose this motion.

Dated: Queens Village, New York
        August 20, 2015

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 _/s/ Abdul Hassan_____
By: Abdul Karim Hassan, Esq. (AH6510)
*Counsel for Plaintiff-Appellant*
215-28 Hillside Avenue
Queens Village, New York 11427
Tel: 718-740-1000 - Fax: 718-740-2000
Email: abdul@abdulhassan.com

6